Good morning. May it please the court. Randy Pickett on behalf of the plaintiff appellant, Daniel White, and I would like to reserve two minutes to rebuttal, please. The issue in this case is, did the district judge err by granting the United States recreational immunity to defense on the basis that the U.S. did not charge a fee for the use of the land. And we believe the trial court did commit reversible error by reaching that finding. It flies directly in the face of the entire principle of recreational immunity and the extension of recreational immunity only if you're not getting an economic benefit. The United States got a significant... Counsel, can you address Stedman v. State, the Oregon Court of Appeals decision? Why isn't that determined by the outcome of that argument? Sure, happy to address that. And the decision is basically wrong on its face. I wish we'd had an opportunity to brief this, but just found out about it apparently at the same time the U.S. did. But in any event... Well, you say it's wrong, but isn't it the law of Oregon? Well, I think under the Ninth Circuit rules that if the highest court finds, if this had been an Oregon Supreme Court decision, you would be bound to follow it. When it's not, it has persuasive as opposed to mandatory authority. And therefore, if your honors determined that the Oregon Supreme Court would find differently than the Court of Appeals did in Stedman, you don't have to follow Stedman. And I'll tell you why it's wrong on its face. It basically ignored the clear language of the statute, which does not contain any language about the time, place, and manner of the grant or the payment of the fee. And the Court of Appeals inserted that language in reaching their decision. It's not in the statute. And we know in the state of Oregon under the State v. Gaines and the PGE v. Boley methodology that's been adopted and followed for quite some time that the court must look at the clear language of the statute. They can look at the context and then they can go on to the legislative history. And if we look at the clear language of the statute, it just says, the immunities provided do not apply if the owner makes any charge for permission to use the land for recreational purposes. How did the United States, what I don't understand is how did the United States, isn't the United States the owner here? Yes, the United States is the owner. And how did it exact the charge? It exacted the charge because it had established a system with the state of Oregon for the use of recreational lands and for ATV uses and received significant economic benefit by receiving a significant portion of the funds that the state of Oregon collected. If the United States is permitted to raise this defense and get away with it, then any landowner that wants recreational immunity could simply set up a straw person to collect the funds and then have them paid to them. But that's not what happened. But that really isn't what's happening here. That $10 fee is charged to people who operate the, what are they, ATV vehicles? Yes, that's exactly right. And the U.S. is benefiting from that charge. And what do you make of the language in the statute that says this does not mean any amount received from a public body in return for granting permission to use public land? How do you get around that? Well, there's nothing in the record that establishes that that was the basis of this system and program that was set up by the U.S. and the state of Oregon. It wasn't a situation where the U.S., or at least there's nothing in the record that establishes that this was a system where the United States said, oh, okay, we'll let you use these ATV trails, but you have to pay us these fees in order for us to do that. This was a system set up to establish the benefit, both the state of Oregon and the United States, by charging ATV users fees and the funds were divided. That's not really correct, is it? I mean, this system exists apart from the United States ownership of this land. I mean, if it were a state park, that would be the charge. It's not for using this specific land. It's a charge, as I understand it, correct me if I'm wrong, but it's a charge for these people who drive these vehicles to operate their vehicles. Well, that's absolutely correct. And again, there's nothing in the statute that limits it to this specific place and time. It was for the entire state of Oregon ATV trails. And yes, that's correct, but that's, again, the whole purpose of recreational immunity is when you get this economic benefit, you don't get to hide behind the recreational immunity defense. If a private landowner opens his land for recreational vehicle use, is that landowner immune under the Oregon statute? Yes, absolutely. If they receive no fee or no economic benefit, they are immune. And the same would be true for the government. And that's the point here. If the government wants recreational immunity, all they have to do is say, we're not going to take any of this money. It's a very simple choice. They made the choice to accept those funds and use those funds to maintain the trails and the ATV stuff, etc. So that's all they have to do is say, okay, we want recreational immunity, so we're not going to take any of this money. And they didn't do that. They've accepted those funds, they've used those funds, and that's the system that's been in place for many years. And again, There's no quid pro quo here. It's not this for that. Well, yes, there are. In effect, there is a quid pro quo here in the sense that they're getting an economic benefit, and then they're opening up the trails. And when there is that quid pro quo, you lose recreational immunity. So we believe that the United States wouldn't have opened up this land for use by ATV users, unless it got a little bit of this money from the state of Oregon. Well, there's nothing in the record that establishes that that's the case. There's no quid pro quo. There's not an exchange of one thing conditioned on the other. Well, in any event, I think the case that kind of summarizes our position is a Ninth Circuit case actually from Nevada. And it's the Ducey case. And it basically sets out a basic principle. This was a case that involved a flash flood at the Meade National Recreational Area. Some decedents' families brought claims. The U.S. claimed immunity, recreational immunity, and the issues involved in Nevada law. And that's not what's important here. But what's important is the principle that the court cited. And that is where a landowner, such as the United States in this case, and the United States in the Ducey case, derives an economic benefit from allowing others to use the land for recreational purposes, which is exactly what's happening here. The landowner is in a position to post warnings, to supervise activities, and to otherwise seek to prevent injuries. Isn't that what we're after in this recreational immunity system? That if you want to just open up your land and not take an economic benefit, you can do that. And you'll get recreational immunity. But when you take money, that's off the table. Because now you're in a position to make this land safer. And that's what the United States did here. And that's where the Court of Appeals got this entirely wrong by their decision in Steven, because they added language to the statute, which the Oregon Supreme Court would not follow. It just says, any charge. And again, what the district court found here, and the district judge in Elwood found, was that the US didn't collect a charge because it went to somebody else. Well, again, it says any charge. And if an indirect charge could defeat the purpose of the statute, then what's the point? So I'll reserve my remaining time for rebuttal. Thank you, Your Honors. Thank you. We have a live lawyer. So far, still. Rare species. What's that? Rare species. Yes, yes, these days. Good morning. May it please the Court, Austin Reistich for the United States. In light of the Stedman holding by the Oregon Court of Appeals in 2021, the question of who receives the money for the ATV permit is no longer relevant at all, because the Oregon Court of Appeals held that that $10 payment for an ATV permit is not a charge in order to use the land in the first place. And the Court of Appeals did a very thorough discussion of the ATV permitting scheme and found it more akin to a licensing regime, whereby the ATV owner basically, I should have said registration, the ATV owner pays that $10 fee basically to register their ATV, much like you do with your car. You pay a registration fee, and that registration fee allows you to use your ATV on approved lands throughout the state. The question of where that money went, you know, prior to Stedman, what was potentially a more interesting question, and that was a question that the parties focused on more in their briefing. I think our position was certainly stronger on that issue as well, because the United States as the owner did not receive the money, and the language made clear that money received from a public body was not a charge. That's all really out the window at this point, because the Stedman court didn't even get there. It doesn't matter who receives the money. In Stedman, the money went directly to the landowner, state of Oregon, but the court nevertheless held that that payment simply was not a charge for permission to use the land, and that's clear from the plain language of the statute and makes perfect sense, and again is discussed at length in the Stedman decision. Is there any kind of special agreement between Oregon and the United States that provides for the United States getting some revenue back? I believe the United States, like other landowners, is able to apply for grant money to use towards maintenance of the lands that are open for ATV use, so I don't know that there's anything special, but I think as a landowner that was offering land for use, the United States was able to apply. So a private landowner could apply for the same thing? I believe so. Just to reiterate, I don't think that's relevant anymore based on the Stedman holding, but yes, the United States, I believe, was able to apply for money that was collected from the ATV permits. That was the only issue raised before the district court is whether the $10 ATV permit constituted a charge, and the district court correctly held that it did not. Petitioner in their appellate brief attempts to raise some constitutional arguments related to the recreational immunity statute, the court should decline to reach those because they were not raised before the district court. Petitioner has not showed any exceptional circumstances that kept them from raising it there. They have not showed any manifest injustice to them. Further, there is an Oregon Court of Appeals case directly on point holding that the recreational immunity statute is constitutional. That's Brewer versus Department of Fish to Pacific 3rd 418. It's an Oregon Court of Appeals decision from 2000 where the court squarely addresses the issue of the constitutionality of the recreational immunity statute and finds that it is constitutional as applied both to public and private landowners. And with that, unless the court has any additional questions, I thank the court for its time. There don't appear to be any further questions. Thank you. Counsel? If I might briefly respond. Again, the Stedman case was decided by the Court of the plaintiff had in that case. That language is not found in the statute. That was language that the Court of Appeals added by basically going directly contrary to the State v. Gaines and PGE v. Boley methodology. The Oregon Supreme Court would decide this case differently based on the clear language of the statute. Any charge means any charge. It includes indirect payment to entities such as the U.S. or it would defeat the whole purpose of the statute. Counsel, could you just explain to me why the U.S., regardless of the Stedman decision, why the U.S. is in a different position than any other landowner in Oregon? Well, they're not. In effect, any landowner in Oregon is in the same position as the U.S. They can accept economic benefit by applying for these grants and accepting them or they can deny it. That's in the record. We have attached the State of Oregon ATB guide which sets out the entire grant program, etc. That was their choice, as any landowner would have. If they want to get the economic benefit from the money that the State of Oregon collects and they apply for the grant and they get the grant, then they're receiving the benefit of a charge. Indirectly, albeit. I just want to make sure your position is that any landowner who applies for this program is not immune. Anyone that applied and received economic benefit. Yes, that's correct, Your Honor. So, absent further questions, again, it's just a matter of simple fairness. Thank you. Thank you for clarifying that. Thank you. All right. The case just argued is submitted for decision. We thank counsel for their arguments. That concludes the Court's calendar for this morning and the Court stands adjourned. Please rise.
judges: SCHROEDER, SUNG, Antoon